IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| BRYAN LEE WILSON, | ) | |
| | ) | CASE NO. BK10-80128-TJM |
| Debtor(s). | ) | A10-8033-TJM |
| SOUTHERN INVESTMENT FINANCING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| BRYAN LEE WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the defendant debtor's motion for summary judgment (Fil. No. 11). Brian J. Koenig represents the debtor, and Kathryn J. Derr represents the plaintiff. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The debtor borrowed $47,591.00 from the plaintiff on a short-term basis. The plaintiff's decision to fund the loan was based on a loan commitment document from a mortgage broker representing that permanent financing would be made available to the debtor to pay off the plaintiff's loan. The second loan did not materialize, the debtor defaulted and ultimately filed a Chapter 7 bankruptcy case, and the plaintiff filed this adversary proceeding to except the debt from discharge under 11 U.S.C. § 523(a)(2)(A) and (B), alleging that the debtor made a materially false oral representation to the mortgage broker to obtain the loan commitment document upon which the plaintiff relied in making the short-term loan. The debtor has now moved for summary judgment, arguing that because the representation regarding his financial condition was made to the mortgage broker, not to the plaintiff, the plaintiff does not have grounds upon which to except the debt from discharge.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, ___ U.S. ___, 129 S. Ct.

2658, 2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). See also Celotex Corp., 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The following issues are uncontroverted or established by the record:

1. Southern Investment Financing, LLC ("SIF"), is a Mississippi limited liability company which is in the business of providing short-term bridge loans to individuals wanting to purchase and make repairs to real property used for investment purposes.

2. Covenant Mortgage Company of Mississippi, LLC ("Covenant"), is a mortgage loan brokerage.

3. On or about October 23, 2007, Bryan Wilson, on behalf of BT & W Properties, LLC, requested a bridge loan from SIF for the purchase and rehabilitation of real property located at 373 Fairhill, Jackson, Mississippi (the "Fairhill loan").

4. On or about November 1, 2007, SIF funded and provided to BT & W Properties the sum of $47,591.00 on a six-month note. Mr. Wilson guaranteed the note. SIF took a deed of trust on the Fairhill property as security for the loan.

5. At the time of Mr. Wilson's October 2007 loan request from SIF, Covenant provided SIF a loan commitment on behalf of Mr. Wilson.

6. According to Covenant, this loan commitment letter was based on oral statements by Mr. Wilson that the notations on his credit report of late payments to certain creditors were erroneous and he would contact the creditors to get them corrected. Removing the late payment notations from his credit report would raise his credit score, thereby rendering him a more attractive loan risk.

7. In fact, Mr. Wilson's credit report of December 4, 2007, continued to show late payments to two mortgage creditors.

8. Covenant was unable to find permanent financing for Mr. Wilson because of his history of late payments, and at the expiration of the loan commitment letter notified him in writing of Covenant's denial of credit.

9. On or about July 9, 2009, SIF caused the Fairhill property to be sold in a foreclosure action, and purchased the property at the foreclosure sale with a bid of $38,000.00.

10. Mr. Wilson filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on January 9, 2010.

11. SIF timely filed its complaint in this action objecting to the dischargeability of Mr. Wilson's debt to SIF.

The Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" 11 U.S.C. § 523(a)(2)(A). To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. R & R Ready Mix v. Freier (In re Freier), 604 F.3d 583, 587 (8th Cir. 2010).[1]

Sections 523(a)(2)(A) and (a)(2)(B) are mutually exclusive. First Nat'l Bank of Olathe v. Pontow (In re Pontow), 111 F.3d 604, 608 (8th Cir. 1997).

To except a debt from discharge under 11 U.S.C. § 523(a)(2)(B), a creditor must prove, by a preponderance of the evidence, that the debtor obtained money by (1) use of a statement in writing that was materially false; (2) that pertained to his or his business's financial condition; (3) on which the plaintiff reasonably relied; and (4) that the debtor made with the intent to deceive the plaintiff. Jacobus v. Binns (In re Binns), 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005). Loan applications, credit applications, and supporting documents that "provide[] an overall view of [the debtor's] ability to pay the debt" are statements in writing respecting the debtor's financial condition. Am. Nat'l Bank v. Dalcourt (In re Dalcourt), 354 B.R. 868, 874 (Bankr. N.D. Iowa 2006). A statement is materially false under this section if it "paints a substantially untruthful picture of a debtor's financial condition by misrepresenting information of the type which would normally affect the decision to grant credit." Premier Bank v. Koester (In re Koester), 437 B.R. 363, 368 (Bankr. E.D. Mo. 2010) (citing Heritage Bank of St. Joseph v. Bohr (In re Bohr), 271 B.R. 162, 167 (Bankr. W.D. Mo. 2001)). The statement need not be physically prepared by the debtor; the requirement is satisfied if the written statement was signed, adopted and used, or caused to be prepared by the debtor. Am. Gen. Fin. Servs., Inc. v. Johnson (In re Johnson), 436 B.R. 116, 119 (Bankr. E.D. Mo. 2010) (citing First State Bank of Munich v. Braathen (In re Braathen), 364 B.R. 688, 700 (Bankr. D.N.D. 2006) and Fairfax State Sav. Bank v. McCleary (In re McCleary), 284 B.R. 876, 885 (Bankr. N.D. Iowa 2002)).

Here, the loan commitment letter from Covenant was required before SIF would make a short-term loan to the debtor, so it was in essence part of his loan application. It was a statement in writing that pertained to Mr. Wilson's financial condition. It was materially false in that it

---

[1] Because the debtor's motion focuses only on the argument that the debtor's statement should have been in writing to be actionable, § 523(a)(2)(A) is not at issue at this time and will not be discussed to any significant extent in this order.

represented that Covenant had arranged a mortgage loan on the property. Covenant had not yet found a lender willing to make such a loan, but anticipated being able to do so when Mr. Wilson cleaned up his credit report, as he stated he would do. SIF relied on the commitment letter, having told Mr. Wilson that it "could not and would not make the short[-]term loan to him without a commitment letter for permanent financing that would be used to repay the short[-]term loan made by SIF." Aff. of Jay Ciaccio, ¶ 5 (Fil. #15). Reasonable reliance, as required by the statute, is determined by looking at the totality of the circumstances. Pontow, 111 F.3d at 610. The court may consider if there were any "red flags" that would have alerted the creditor to the possibility that the financial statement was not accurate and whether minimal investigation would have revealed the inaccuracy. Id. (citing Coston v. Bank of Malvern (In re Coston), 991 F.2d 257, 261 (5th Cir. 1993) (en banc)). When a financial statement is inaccurate on its face, and the creditor has knowledge of the inaccuracies, any reliance by the creditor on the financial statement is unreasonable. Freier, 402 B.R. at 899. There is no evidence before the court that SIF's reliance was unreasonable.

For discharge to be barred, the debtor must have acted with intent to deceive. An intent to deceive does not mean that the debtors acted with a "malignant heart." Agribank, FCB v. Webb (In re Webb), 256 B.R. 292, 297 (Bankr. E.D. Ark. 2000)). A creditor may establish such intent by proving reckless indifference to or reckless disregard of the accuracy of the information in a debtor's financial statement. McCleary, 284 B.R. at 888. Factors to consider include whether the debtor was intelligent and experienced in financial matters, and whether there was a clear pattern of purposeful conduct. Id. (citations omitted). Once the creditor establishes that the debtor had actual knowledge of the false statement, the debtor cannot overcome the inference of the intent to deceive with unsupported assertions of honest intent. Bohr, 271 B.R. at 169. There is no evidence currently before the court regarding the debtor's intent. Because the issue of the debtor's intent to deceive is a factual issue, summary judgment must be denied.

IT IS ORDERED: The defendant debtor's motion for summary judgment (Fil. No. 11) is denied.

DATED:    January 27, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
 *Brian J. Koenig
 Kathryn J. Derr
 U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.